UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------X
OMAR HADIR AL-FARISI,

                    Plaintiff,


                                          06 Civ. 15504 (MGC)


          - against -                     OPINION AND ORDER


ROBERT S. MUELLER, III, Director,
Federal Bureau of Investigation;
EMILIO GONZALES, Director, United
States Citizenship and Immigration
Services; ANDREA J. QUARANTILLO,
New York District Director, United
States Citizenship and Immigration
Services; MICHAEL CHERTOFF, and
ALBERTO R.GONZALES,

                    Defendants.
----------------------------------X

APPEARANCES:

          WHITE & CASE
          Attorneys for Plaintiff
          1155 Avenue of the Americas
          New York, NY 10036-2787

          By:  Marko C. Maglich, Esq.

          MICHAEL J. GARCIA
          United States Attorney for the
           Southern District of New York
          86 Chambers Street, 4th Floor
          New York, NY 10007-2601

          By:  F. James Loprest, Jr., Esq.
               Special Assistant United States Attorney

1

**Cedarbaum, J.**


Omar Hadir Al-Farisi applies under 8 U.S.C. § 1447(b) for a hearing on his long-pending application for naturalization.  Defendants move to dismiss the complaint for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1), and, under Fed. R. Civ. P. 12(b)(6), for failure to state a claim upon which relief can be granted. For the following reasons, the motion to dismiss is denied, and the case is remanded to the United States Citizenship and Immigration Services (the "CIS") with further instructions.


BACKGROUND


The following facts are undisputed.

Omar Hadir Al-Farisi, a citizen of Iraq who resides in Manhattan, became a lawful permanent resident of the United States in December 1999.  A little more than five years later, on February 9, 2005, he filed an application for naturalization, also known as an "N-400" application.  On November 2, 2005, an officer of the CIS interviewed Mr. Al-Farisi in connection with his naturalization application.

Shortly after the interview, CIS informed Mr. Al-Farisi that
he had passed the required English language and United
States history and government tests, but that his
application could not be approved until the Federal Bureau
of Investigation (the "FBI") completed a "name check."  The
CIS advised Mr. Al-Farisi that it would send him a written
decision on his application once it reviewed the results of
the name check.

Over the course of the following year, Mr. Al-Farisi's
counsel inquired about the status of the application many
times.  On November 2, 2005, he e-mailed Michael A. Cannon,
Section Chief of the National Name Check Program Section at
FBI Headquarters, requesting that the name check be
expedited.  The e-mail was never answered.  He followed up
with e-mails to Mr. Cannon on November 8, 2005 and November
11, 2005.  These, too, were not answered.

On December 19, 2005, Mr. Al-Farisi's counsel again
inquired about the status of the case.  The CIS responded
that the application "is still pending on the name checks.
Once the name checks have been cleared, we will mail to you
a decision on the case."  On April 3, 2006, counsel wrote
again to the CIS requesting another status update.  The CIS
advised again that Mr. Al-Farisi's "N-400 application is
still pending receipt of security name check.  Upon receipt

3

of name check clearances, a decision will be rendered on the application."  On August 17, 2006, counsel sent a third letter to the CIS inquiring about the status of his application and a fourth e-mail to Section Chief Michael Cannon of the FBI.  Both inquiries went unanswered.

On December 26, 2006 – approximately 14 months after his CIS interview – Mr. Al-Farisi filed this action under 8 U.S.C. § 1447(b) for a hearing on his application for naturalization.  Mr. Al-Farisi is still waiting for the results of his name check, and defendants have given him no indication as to when he can expect them, or whether the check has even begun.


DISCUSSION


I:  Defendants' Motion to Dismiss

for Lack of Subject Matter Jurisdiction


The statute under which Mr. Al-Farisi sues, 8 U.S.C. § 1447(b), provides:

> If there is a failure to make a determination under section 1446 of this title before the end of the 120-day period after the date on which the examination is conducted under such section, the applicant may apply to the United States district court for the district in which the applicant resides for a hearing on

the matter.  Such court has jurisdiction over
the matter and may either determine the matter
or remand the matter, with appropriate
instructions, to the [CIS] to determine the
matter.

Defendants argue that the "examination" referred to in
§ 1447(b) comprises not merely the interview conducted by
the CIS but also the FBI name check.  If this interpretation
of the statute were accepted, there would be no subject
matter jurisdiction over Mr. Al-Farisi's claim because the
FBI has not completed the name check.  Under defendants'
reading of the word "examination," the 120-day clock has not
yet begun to run.

This argument ignores the language in the statute
referring to "the date on which the examination is
conducted," which must be read to mean that the
"examination" is indeed a discrete event and not a
prolonged, amorphous course of conduct.

Defendants' strained reading of 8 U.S.C. § 1447(b) has
been rejected by the majority of federal district judges who
have considered it.  See Lin v. Sec'y, U.S. Dep't of
Homeland Sec., 07-MC-3012L, 2007 WL 1231482, at *2 (W.D.N.Y.
Apr. 24, 2007); Mahd v. Chertoff, 06 Civ. 1023, 2007 WL
891867, at *2 (D.Colo. Mar. 22, 2007); Kheridden v.
Chertoff, Civ No. 06-4792, 2007 WL 674707, at *2-5 (D.N.J.

Feb. 28, 2007); Hussein v. Gonzales, 474 F. Supp. 2d 1265, 1267-68 (M.D.Fla. 2007); Aslam v. Gonzales, No. C06-614MJP, 2006 WL 3749905, at *1 (W.D.Wash. Dec. 19, 2006); Shalabi v. Gonzales, 06 Civ. 866, 2006 WL 3032413, at *3-4 (E.D.Mo. Oct. 23, 2006); Eng v. Chertoff, Civ. No. H-06-1302, 2006 WL 2442894, at *1 (S.D.Tex. Aug. 21, 2006); Khan v. Chertoff, No. CV-05-560-PHX-SRB, 2006 WL 2009055, at *1-2 (D.Ariz. July 14, 2006); Khelifa v. Chertoff, 433 F. Supp. 2d 836, 840-42 (E.D.Mich. 2006); Meyersiek v. U.S. CIS, No. CA 05-398 ML, 2006 WL 1582397, at *2 (D.R.I. June 6, 2006); Daami v. Gonzales, Civ. No. 05-3667, 2006 WL 1457862, at *3-6 (D.N.J. May 22, 2006); Al-Kudsi v. Gonzales, No. CV 05-1584-PK, 2006 WL 752556, at *1-2 (D.Or. Mar. 22, 2006); Shalan v. Chertoff, 05-10980-RMZ, 2006 WL 42143, at *1-2 (D.Mass. Jan. 6, 2006); Essa v. U.S. CIS, No. CIV051449, 2005 WL 3440827, at *2 n. 2 (D.Minn. Dec. 14, 2005); El-Daour v. Chertoff, 417 F. Supp. 2d 679, 680-83 (W.D.Pa. 2005); Castracani v. Chertoff, 377 F. Supp. 2d 71, 73-75 (D.D.C. 2005).[1]

Moreover, the two judges of this Court who have considered the issue have rejected defendants' argument.  In Alhamedi v. Gonzales, No. 07 Civ 2541, 2007 WL 1573935, at

---

[1] A small minority of district judges have accepted defendants' interpretation of "examination."  See Martinez v. Gonzales, 463 F. Supp. 2d 569, 571 (E.D.Va. 2006); El Kassemi v. Dep't of Homeland Sec., No. 06-1010, 2006 WL 2938819, at *2 (D.N.J. Oct. 13, 2006); Damra v. Chertoff, 05 Civ. 929, 2006 WL 1786246, at *2 (N.D. Ohio June 23, 2006); Danilov v. Aguirre, 370 F. Supp. 2d 441, 444 (E.D.Va. 2005).

*3 (S.D.N.Y. May 30, 2007), Judge Koeltl read the word "examination" in § 1447(b) to refer to the applicant's CIS interview.  In <u>Mostovoi v. Sec'y, U.S. Dep't of Homeland Sec.</u>, No. 06 Civ 6388, 2007 WL 1610209, at *3 (S.D.N.Y. June 4, 2007), Judge Lynch followed Judge Koeltl.

I follow the plain language of the statute, my distinguished colleagues Judges Koeltl and Lynch, and the overwhelming majority of federal district judges in holding that the "examination" referred to in § 1447(b) is the applicant's CIS interview.

Mr. Al-Farisi's CIS interview took place more than 19 months ago.  The 120-day window has closed.  Consequently, there is subject matter jurisdiction over Mr. Al-Farisi's application.


II:  Defendants' Motion to Dismiss
for Failure to State a Claim


Alternatively, defendants move to dismiss the complaint, pursuant to Fed. R. Civ. P. 12(b)(6), for failure to state a claim upon which relief can be granted. Defendants argue that because Congress has made a "personal investigation" of all applicants a prerequisite to naturalization, and because the judiciary is "ill-suited" to

investigate an applicant's background itself, it is not within the Court's authority to adjudicate a naturalization application before receiving the results of the FBI's name check.

Although § 1447(b) authorizes a district court to "determine the matter" – i.e., adjudicate a naturalization application when the 120-day period has passed – the statute also authorizes a district court to "remand the matter, with appropriate instructions, to the [CIS] to determine the matter."

The two judges of the Southern District who have been presented with similar cases, as well as most other district judges who have addressed the issue, have preferred to remand to the CIS with instructions. See Mostovoi, 2007 WL 1610209, at *5 (remanding with instruction that the CIS adjudicate the application within 30 days); Alhamedi, 2007 WL 1573935, at *4 (remanding with instruction that the FBI complete the check within 30 days and the CIS adjudicate the application within 30 days thereafter); Mahd, 2007 WL 891867, at *3 (remanding with instruction that the FBI complete the check within 45 days and the CIS adjudicate the application within 45 days thereafter); Kheridden, 2007 WL 674707, at *5 (remanding with instruction that the CIS use its "best efforts" to expedite the check and that the CIS

adjudicate the application within 60 days of receiving the results); <u>Ahmed v. Chertoff</u>, Civ. A. No. H-06-MC-0417, 2006 WL 3771814, at *1 (S.D.Tex. Dec.15, 2006) (instructing the FBI to complete the check in 120 days); <u>Alhassan v. Gonzales</u>, 06-cv-01571-REB-MJW, 2007 WL 1455841, at *1 (D.Colo. May 16, 2007) (noting that the court had remanded with instruction that the FBI complete the check within 60 days and that the CIS adjudicate the application within 60 days thereafter).

I follow this wise course.


CONCLUSION


For the foregoing reasons, defendants' motion to dismiss is denied, and the case is remanded for prompt resolution by the CIS, with the following instructions:


1. The FBI shall expedite and complete Mr. Al-Farisi's name check and report the results to the CIS within 30 days of this Order.


2. The CIS shall determine Mr. Al-Farisi's application within 30 days of receiving the FBI's name check report and, if Al-Farisi is eligible for naturalization,

permit him to be sworn in as a citizen within 30 days

of the CIS' determination.


SO ORDERED.


Dated:     New York, New York
           June 14, 2007

                         S/_____
                              MIRIAM GOLDMAN CEDARBAUM
                             United States District Judge